﻿Citation Nr: AXXXXXXXX
Decision Date: 01/30/20 Archive Date: 01/30/20

DOCKET NO. 190529-7237
DATE: January 30, 2020

REMANDED

Entitlement to DIC based upon service connection for cause of death is remanded.

REASONS AND BASES FOR REMAND

The Veteran served on active duty in the United States Air Force from December 1956 to November 1979. The Veteran died in October 2006 and the appellant is his surviving spouse.

These matters are before the Board of Veterans’ Appeals (Board) on appeal from a May 2019 Appeals Modernization Act (AMA) Higher Level Review rating decision that considered the evidence of record on that date. The appellant timely appealed this decision to the Board by requesting the AMA direct review lane for a reevaluation of the evidence considered by the Agency of Original Jurisdiction (AOJ). As this is a direct review appeal under the AMA, the record closed on the date of the appellant’s May 6, 2019 DRO decision.

The Veteran served on active duty in the United States Air Force from December 1956 to November 1979. The Veteran died in October 2006 and the appellant is his surviving spouse.

According to his death certificate, an underlying cause of death was metastatic non-small-cell lung cancer. He had not been service-connected for any disability during his lifetime. 

The appellant did file a service connection claim for cause of the Veteran’s death in 2007 which was denied by a September 2007 rating decision. It is unclear to the Board whether this claims folder is a rebuilt folder as there is no evidence dated as received prior to September 2007, but the rating decision does list evidence of record in the “EVIDENCE” section. The listed evidence included an “Extract from personnel records” but the rating decision provides no further indication what information this entailed. While lung cancer is deemed presumptively due to herbicide exposure, the rating decision explained “[w]e have reviewed all of the evidence listed above and have received no indication that the veteran had any “in-country” service in Vietnam.”

In connection with the current appeal, complete service personnel records (SPRs) were received in 2017 as well as copies of the Veteran’s DD 214. This evidence shows that the Veteran was awarded the Vietnam Service Medal and the Republic of Vietnam Campaign Medal. The SPRs also reflect service at Don Muang Air Base in Thailand. These records which existed at the time of the September 2007 rating decision, but which were not associated with the claims folder, is relevant to the Veteran potentially serving in an area where herbicides are known to have been used. As such, readjudication of the original claim is warranted under 38 C.F.R. § 3.156(c). The Board has rephrased the issue on the title page accordingly.

In the modernized review system, the Board’s jurisdiction to remand is limited to correction of (1) duty to assist errors occurring prior to the date of the AOJ decision on appeal (i.e., pre-decisional duty to assist errors) and (2) AOJ errors in satisfying a regulatory or statutory duty, if correction of such error would have a reasonable possibility of aiding in substantiating the appellant’s claim. 38 C.F.R. § 20.802(a). As noted above, the electronic record does not contain any evidence dated as received prior to the September 2007 decision. After a thorough review of the record, the Board finds that remand is necessary to ensure due process is followed and that there is a complete record upon which to decide the claim. According to the appellant’s September 2007 rating decision, there was evidence submitted by Dr. Ark, M.D. of the Department of the Air Force, dated December 24, 2003. This evidence, which was submitted prior to September 2007, is currently not in the record. As an incomplete record has been received by the Board, the Board finds that remand for attempting to obtain this evidence is necessary.

The Board further observes that, under the AMA, the Board cannot consider evidence submitted after the AMA decision being appealed except under certain specific circumstances. As noted by the AOJ, the Veteran’s counsel submitted evidence after the AMA decision concerning the Veteran’s circumstances in Thailand which may be potentially relevant, and this evidence may form the basis for a supplemental claim.

Accordingly, this appeal is REMANDED for the following:

Associate with the claims folder the December 2003 statement from Dr. Ark, M.D. of the Department of the Air Force as noted in the September 2007 rating decision.

 

T. MAINELLI

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Adeleke, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.